IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| MERIAH SETH MORRIS, | REPORT AND RECOMMENDATION |
|---|---|
| Plaintiff, | Case No. 2:14-cv-250-DN-BCW |
| v. | District Judge David Nuffer |
| US MAGNESIUM,, et al., | Magistrate Judge Brooke Wells |
| Defendants. | |

This case is referred to the undersigned by District Judge David Nuffer pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Pending before the Court is Plaintiff's Motion for Official Service of Process.[2] As set forth below the Court recommends that the motion be dismissed or deemed moot and that this case be dismissed for Plaintiff's failure to comply with the Court's order to "provide the <u>original envelope that contained the Right to Sue letter to the Court for *in camera* inspection within thirty (30) days</u>" from July 29, 2014.[3] Further, as set forth previously, the evidence in the record before the Court fails to substantiate that Plaintiff filed this matter in a timely manner. Thus, it must be dismissed because Plaintiff is beyond the 90 day deadline for filing his Complaint.

On April 23, 2014, Plaintiff Meriah Morris filed a Title VII Civil Rights action for employment discrimination against US Magnesium, Lisa Lee, Seth Herring, the Steelworkers Union and The United States Workers International Local 8319.[4] As part of his Complaint, Plaintiff included multiple attachments including a Dismissal and Notice of Rights form (Notice

---

[1] Docket no. 6.
[2] Docket no. 11.
[3] *See* Order dated July 29, 2014, docket no. 12.
[4] Docket no. 4.

of Right to Sue letter) from the EEOC.[5] This document notified Mr. Morris that the EEOC adopted the findings of the state agency rejecting his discrimination claim and provided that any "lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost."[6] The Notice of Right to Sue letter states that it was mailed to Plaintiff on December 12, 2013, from Phoenix, Arizona. As noted by the Court previously in its order entered on July 29, 2014, Plaintiff filed his Complaint on April 23, 2014, thus it appears that the Complaint was filed beyond the required 90 day deadline.[7] The attachments to Plaintiff's Complaint include an envelope mailed from the EEOC in Phoenix, Arizona that presumably contained the Notice of Right to Sue letter.[8] The envelope shows a mailing date of December 12, 2013, from zip code 85012 in the upper right hand corner. The envelope also appears to have a forwarding sticker on it that is dated February 9, 2014, the date on which Plaintiff claims in his Amended Complaint that he received Notice of Right to Sue letter.[9] There are no markings of return to sender, unable to forward or other markings from the U.S. Postal Service on the envelope. In addition, the envelope also appears to have two forwarding labels on it. They are placed nearly on top of each other. The top one contains the February 9, 2014, mailing date and the second one is unreadable because it is located nearly entirely beneath the February 9, 2014 label.

After thoroughly reviewing the record, including all the submissions of Mr. Morris, the Court determined that it could not verify the date on which Plaintiff received the Right to Sue Letter. Accordingly, on July 29, 2014, the Court specifically ordered Mr. Morris to "provide the original envelope that contained the Right to Sue letter to the Court for in camera inspection

---

[5] Docket no. 10-2.
[6] Docket no. 10-2 (emphasis added).
[7] Order dated July 29, 2014, p. 2.
[8] Docket no. 10-2.
[9] Amended Complaint p. 3.

within thirty (30) days from the date of [that] order."[10] The Court also invited Mr. Morris to submit any additional evidence that supported the alleged date on which he received the Right to Sue Letter. Mr. Morris was also explicitly warned that a failure to comply with the Court's order "will result in the Court recommending that this case be dismissed."[11] The date to comply with the Court's order has passed and as of the date of this recommendation no additional documentation has been provided to the Court.

Accordingly, the undersigned recommends that Mr. Morris' case be dismissed for failure to comply with the Court's prior order. The Court further recommends that this matter be dismissed for a failure to timely file the Complaint following the denial of Mr. Morris' case before the EEOC. Finally, Mr. Morris' Motion for Official Service of Process should be DENIED or DEEMED MOOT.

Copies of the foregoing report and recommendation shall be mailed to all parties who are hereby notified of their right to object. Any objection must be filed within fourteen (14) days after being served with a copy.[12] Failure to object may constitute a waiver of objections upon subsequent review.

IT IS SO ORDERED

DATED this 8 September 2014.

Brooke C. Wells
United States Magistrate Judge

---

[10] Order dated July 29, 2014, p. 2.
[11] *Id*. at p. 3.
[12] *See* Fed. R. Civ. P. 72(b)(2).

3